Judge Owslev
delivered the opinion.
This appeal is prosecuted by Smith, to reverse a judgment recovered Kv him for part of the land is contest, in am action of ejectment which he broughfagainst Frame in the circuit court.
It appears, that on the 24t!i of October, 1788, there issued from the Commonwealth of Virginia, to Benjamin Estill, heir at law to James Estill, dic’d, a patent for 4* (Í acres of land; and on the 29th of the same month, there also issued to the same person, from the same source, another patent for 400 acres, adjoining the tract first granted, on the south. These tracts were afterwards conveyed by Estill to Green Clay, and by Clay to the appellant, Smith, it also-appears, that in February, 1789, there issued from *232 tlie Cotfimomvfealth of Virginia, to Mordccal Kelly, a patent, for 500 acres of land, including part of each of the trads previously patented to Estill; and thereafter, in 17h2, Kelly conveyed, by metes and bounds, to Erame, 125 a-, cres, part of bis 500 acre tract, and including part of each of Estili’s tracts; and that in the same year the conveyance was made, Erame built a house and actually settled on the land conveyed to him, and within the boundary of the southern 400 acre tract of Estill; but no part of his improvements extended to the northern tract of Estill, until since 1808, and no evidence was introduced conducing to shew that Frame, prior to 1808, ever actually entered upon the northern tract with ifae intention of taking 'he possession thereof. It moreover, appears, that in Í78S, previous to the date of Estili’s patents, there also issued from the Commonwealth of Virginia, to Jeremiah Craig, a patent for 500 acres of land, including no part of the tract first patented to Estill, but including nearly all of his tract last patented, and also including the settlement of Frame, together with all improvements made by him, pri- or to 1808.
On this state of facts, the counsel of Frame, moved the court to instruct the jury, that Frame’s settlement upon, and possession within the southern or latter tract patented to Estill, gave him possession to the extent of the boundaries.of his deed from Kelly. This motion was opposed by the counsel of Smith, and they moved the court to instruct lite jury, 1st, that f rame could not be considered a trespasser on Estlll’s northern 4<tO acre tract, until he extended his plantation, or actually cleared land thereon; 2d, that as Smith never had a right of entry in the southern tract, it being covered by Craig’s elder patent, the possession of Frame inside of that tract, did not operate as a disseisin of any part of the northern tract. But the court overruled, the motion of Smith’s counsel, and gave the instructions asked for by the counsel of Frame.
From the preceding statement, it will be perceived, that at the time Frame entered, Craig held the right of entry in the land included by his patent; and Estill held the right, of entry in the land included by his northern patent; so that in reversing the opinions of the circuit court, on the motion for instructions, we are presented with the enquiry, whether, or not, in consequence of his deed from Kelly, including part .of the several tracts of Estill and Craig, *233 Frame, by bis settlement and improvement within Craig’s patent, became possessed of any part of Estill’s northern tract?
hoidm^lwo adjoining pa-teats interfe-twoother claims,one of which has fcJjfVheVth* er the junior! if the junior patentee en-eider°pateiv tee, and also on one of the ■‘''joining pa-0n the other, it is no dis-tt¡g3matentto not entered on: for to vest or d‘v?3t ““ eral Vareéis by entry, m’lst cneachVa? cel.
We think not. At the time of bis entry, Frame had no legal right of entry. He held a deed from Kelly, hulas Kelly’s patent was junior to both Craig’s and Estill’s, it conferred upon him no right of entry, and Frame, claiming under him, can have , acquired no right. His entry was, tberefore, wrongful; but though wrongful, yet, as it was made under color or claim of title, Frame, thereby, not only divested Craig of his seisin, but became, himself, invested with an estate in the land, to the extent of bis possession. But, as the entry was made on Craig’s tract, it cannot be construed either to vest in Frame, an estate in the separate tract of Estill, or divest Estiil of his,legal seisin therein. For it is said, that, to vest or divest an estate, in several parcels, by entry, there must be an entry on each parcel — Co, Lit 15, b. — And in illustration of the rule, Coke observes, “If the lord entereth into a parcel “generally for a mortmain, ora foeffor for a condition bro“ken, or the disseisee into a parcel generally, the entry shall “not vest or divest in these or like cases, but for that par“cel”. The cases, here put by Coke, in illustration of the rule, are cases where entry is allowed by law; but if in such cases, the entry is inoperative beyond the parcel on which it is . made, it follows a fortiori, that an entry made against lava upon the lands of one, cannot either be con-slrued to give possession, or vest an estate in the separate tract of another. It results, therefore, that the and improvement of Frame, on the tract of Craig, gave him no possession of any part of the northern tract of Es-till, unless the circumstance of Estill having also a patent for the land on which the improvement and settlement were made, changes the nature of Estill’s right. It is obvious, however, that circumstance can produce no effect upon the entry of Frame. The patent which Estill held for the land improved by Frame, as we have already seen,, is junior in date to that of Craig: it was, therefore, inope* rati ve; neither conferring upon Estill any right, or enabling Frame by entering thereon, to oust Estill of any interest which he held in the other tract.
It follows, that the court erred in its decision on the motions to instruct the jury; and the judgment for that cause toust be reversed.
, , fho Intact it be oil a pomt which vali the com-'planing party, it is no &w trial?r a
Bardin for appellant, Hanson for appell.
But it appears that Smith had, at a previous term of the feourt below, recovered a verdict for the land ceotained in his northern tract, and that verdict, at the instance of Frame, Was set aside, and a ftetv trial awarded: and it is assigned for error, that the court erred in awarding a new trial.
r|''fle grounds, upon which the new trial was granted, cen-in frame’s being surprised by the failure of S mi’ll to produce the patent of EstilPs southern tract’ The circom-stances, detailed in the bill of exceptions, are perhaps süf-fi'cient to shew that Frame was surprised by the patent not being produced by Smith on the trial; but from what has fteen said, in deciding on the motions to -instruct the jury, '* is obvious, that the patent, if it had been produced, ought to have had no influence favorable to Frame; and if so, the court ought not to have awarded a 'new trial on the ground of surprise alleged by Frame.
The judgment must therefore be reversed with costs, the cause remanded, and judgment entered in favor of Smith on the first verdict of the jury.